IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TONY L. MOHR,** | ) | **CASE NO. 3:11CV2731** |
| **Plaintiff,** | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG WHITE** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) ) ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION & ORDER** |

Plaintiff Tony L. Mohr ("Mohr") challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying Mohr's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*. This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is vacated and the case remanded for further proceedings consistent with this opinion.

### I. Procedural History

On November 16, 2005, Mohr filed an application for SSI alleging a disability onset date of November 2, 2001, and claiming that he was disabled from carpal tunnel syndrome, a back problem, and emphysema. (Tr. 47.) His application was denied both initially and upon reconsideration. Mohr timely requested an administrative hearing. Subsequently, Mohr's counsel requested a continuance to obtain additional evidence. (Tr. 186-187.) The record also reflects that counsel simultaneously submitted a withdrawal of the request for hearing.[1] (Tr.

---

[1]In correspondence to the ALJ, counsel explained that the letter requesting withdrawal of the case was written on December 5, 2008, three days after the request for a continuance letter, but the typist, using the same format, forgot to change the date. (Tr. 195-196.) Counsel

193.) Based upon the withdrawal request, the Administrative Law Judge ("ALJ") dismissed the request for a hearing[2] and Mohr appealed. (Tr. 190.) Appeals Council, believing the ALJ erred when he made no mention of the request for a continuance, remanded for a new hearing. (Tr. 193-194.)

On March 31, 2010, Mohr appeared at the new hearing, without counsel. Mohr and an impartial vocational expert ("VE"), testified. The ALJ noted that, "[a]lthough informed of the right to representation the claimant chose to appear and testify without the assistance of an attorney or other representative." (Tr. 21.) On July 19, 2010, the ALJ found Mohr was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

Mohr requested review of this decision by the Appeals Council. Subsequently hired new counsel filed a supporting memorandum. (Tr. 17, 443-445.) However, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

## II. Evidence

### *Personal and Vocational Evidence*

Age 43 at the time he applied for SSI and 49 at the time of his administrative hearing, Mohr is a "younger" person under social security regulations. *See* 20 C.F.R. § 416.963(c). (Tr. 28.) Mohr completed high school with the assistance of special education classes. (Tr. 28, 452-453.) He has past relevant work as a self-employed roofer and carpenter. (Tr. 28.)

### *Hearing Testimony*

At the hearing, Mohr testified as follows:

---

enclosed a copy of his December, 2008, calendar showing that Mohr was in his office on both dates. (Tr. 197.) The record further reflects that on December 5, 2008, counsel withdrew his representation. (Tr. 195-196.)

[2]An ALJ may dismiss a request for a hearing if, at any time before the notice of the hearing decision is mailed, the claimant asks to withdraw the request. 20 CFR § 416.1457(a). (Tr. 190.)

- He wanted to proceed without an attorney because it would take too long to find counsel and schedule another hearing. (Tr. 449.) He was aware of the records in his file and brought more with him to the hearing. (Tr. 450.) Three months prior to the hearing, he filed records on his behalf at the Social Security Disability office. *Id*.

- He can neither spell nor read. (Tr. 453.) He could not read a newspaper or a shopping list, except for the word "milk." *Id*.

- In school, he was enrolled in special education classes. *Id*.

- He last worked in 2001. (Tr. 454.)

- In 1999 and 2000, he worked at Advanced Communications, installing cable. This involved climbing utility poles to hook up residential cable. (Tr. 454.) He quit this position after he was hospitalized with pneumonia. *Id*. At another place of employment, he was fired for being ill too many times. (Tr. 467.)

- He is unable to work because Hepatitis C causes him to get sick easily. (Tr. 454-455.) His body constantly trembles. *Id*. The trembling is caused from a muscle disorder that the doctors are still reviewing. (Tr. 456.) He also has carpal tunnel syndrome in both hands. (Tr. 460.) He had surgery on his left hand several years ago, but now it is arthritic. (Tr. 460-461.) He also has arthritis in his lower hip, back, and toes. (Tr. 461.)

- He is taking ibuprofen, 800 milligrams, for the Hepatitis C. (Tr. 455.) He also was instructed not to do any heavy lifting or walking for long periods. *Id*.

- Todd Francis, M.D., his treating physician for three years, dropped him as a patient because he was without a car and missed three appointments. (Tr. 457-458.)

- He is able to stand for five minutes. (Tr. 462.) He is unable to walk a couple of blocks without pain in his left leg. (Tr. 461.) He normally lays down rather than sitting. *Id*. He cannot pick up a coffee cup due to carpal tunnel and arthritis in his hands. *Id*.

- He lives with his nineteen-year old son, who does the cleaning, cooking, and laundry. (Tr. 464-465.) Mohr does go shopping, but uses an electric cart. (Tr. 465.) He does not drive. *Id*.

- A typical day consists of playing with the dog and talking to his children. (Tr. 466.) Otherwise, he does not do too much because of his constant pain. *Id*. He does not like to go out of the house because he is concerned of what people will think of his shaking. *Id*.

The ALJ posed several hypotheticals to the VE, the first as follows:

For each hypothetical, I want you to assume an individual of the claimant's age, education, and past work experience. For the first hypothetical, I want you to assume this individual has the exertional capacity for light work. He should not be exposed to vibration. Could such an individual do any of the claimant's past work?

(Tr. 470.) The VE testified that the individual could not perform past work, but he could

3

perform light jobs with an SVP of 2, including such jobs as a laundry attendant (4,000 positions in the state of Ohio; 100,000, nationally), car wash attendant (2,000 positions in the State of Ohio; 85,000, nationally), and locker room attendant (1,500 positions in the State of Ohio; 7,500, nationally). (Tr. 470.)

The ALJ posed a second hypothetical identical to the first, except at the sedentary level. The VE testified that such an individual could perform jobs as a small parts assembler (4,000 positions in the State of Ohio; 325,000 nationally), packer (1,800 in the State of Ohio; 100,000, nationally), and ticket seller (2,000 in the State of Ohio; 110,000 nationally). (Tr. 471.) The VE indicated that he gave these jobs a lower exertional level than given in the DOT. *Id*.

The ALJ posed a third hypothetical, adding an at-will sit/stand option. *Id.* The VE testified that such an individual could perform the same three positions, but the number of jobs available would be reduced for the assembler and packer. (3,000 in the State of Ohio; 250,000 nationally for the assembly position; 1,200 in the State of Ohio; 75,000 nationally for a packer). *Id.*

The ALJ asked the VE to reconsider the first hypothetical, light exertional level with no vibration, but to add that the individual is limited to gross manipulation (low-level fine finger manipulation). (Tr. 472.) The VE testified that the laundry attendant, car wash attendant, and locker room attendant would still be available at the light exertional level, but at the sedentary level, there would be no positions. (Tr. 473-474.)

### III. Standard for Disability

A claimant may be entitled to receive SSI benefits when he establishes disability within the meaning of the Act. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful

activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. § 416.920(d). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

### IV. Summary of Commissioner's Decision

The ALJ found Mohr established medically determinable, severe impairments, due to borderline intellectual functioning, chronic obstructive pulmonary disease, left shoulder sprain/strain, and arthritis in the left shoulder and lumbar spine; however, his impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Mohr was found incapable of performing his past work activities, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of sedentary work. The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Mohr was not disabled.

### V. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations or failure to provide the reviewing court with a sufficient basis to determine that the Commissioner applied the correct legal standards are grounds for reversal where such failure prejudices a claimant on the merits or deprives a claimant of a substantial right. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

### VI. Analysis

Mohr asserts that the ALJ's finding at step 5 of the sequential evaluation is not supported by substantial evidence. (Doc. No. 17 at 8-9.) Specifically, Mohr contends that the VE was not asked to consider limitations that were included in the RFC determination (simple, routine, repetitive tasks with short, simple instructions). *Id*. The Commissioner responds that the VE's identification of unskilled jobs captured such restrictions. (Doc. No. 18 at 11-13.)

Once it is determined that a claimant does not have the RFC to perform his past relevant work, the burden shifts to the Commissioner to show that the claimant possesses the capacity to perform other substantial gainful activity which exists in the national economy. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); *Anthony v. Astrue*, 266 F. App'x 451, 460 (6th Cir. 2008) (*citing Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)). "To meet

6

this burden, there must be a finding supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The testimony of a vocational expert in response to a hypothetical question may serve as substantial evidence of a claimant's vocational qualifications to perform certain jobs. *Id.* However, the hypothetical question must accurately portray the claimant's physical and mental state. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). A hypothetical question must precisely and comprehensively set forth every physical and mental impairment that the ALJ accepts as true and significant. *See Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 429 (6th Cir. 2007) (*citing Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993)); *Varley*, 820 F.2d at 779. Where the hypothetical question is supported by evidence in the record, it need not reflect unsubstantiated allegations by the claimant. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). However, where the ALJ relies upon a hypothetical question that fails to adequately account for all of the claimant's limitations, it follows that a finding of disability is not based on substantial evidence. *See Newkirk v. Shalala*, 25 F.3d 316, 317 (6th Cir. 1994). If a VE testifies in response to a hypothetical question that sets forth all of the claimant's impairments, his response constitutes substantial evidence for a finding of either disability or nondisability. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1988).

In the instant matter, the questions did not limit the hypothetical individual to unskilled work or simple, repetitive and routine tasks. The ALJ focused, instead, on jobs with no vibration and/or no fine finger manipulation. The ALJ then formulated the RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant is limited to simple, routine, repetitive tasks with short, simple instructions.

(Tr. 26.) Even though the ALJ included a limitation to "simple, routine, repetitive tasks" in the RFC, none of the hypothetical questions included such restrictions. *See Stevens v. Comm'r of Soc. Sec.*, 484 F.Supp.2d 662, 667 (E.D. Mich. 2007) (hypothetical failed to include the claimant's ability to perform "simple unskilled tasks" and, therefore, the ALJ's finding was not

7

supported by substantial evidence).

The Commissioner argues that the types of jobs the VE identified were all SVP level 2 positions, which according to the Dictionary of Occupational Titles ("DOT,"[3]) are unskilled. The DOT defines SVP as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* http://www.oalj.dol.gov/libdot.htm, Appendix C. It further defines level 2 as "anything beyond short demonstration up and including 1 month." DOT, 4th Ed., 1991 WL 688702 (1991). Nonetheless, just because SVP level 2 positions are unskilled does not cure the hypothetical questions. Because none of the questions included restrictions regarding unskilled work or simple, repetitive and routine tasks, the questions were not complete, and, therefore, remand is necessary.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Mohr can be awarded benefits only if proof of his disability is "compelling." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and award benefits only if all essential factual issues have been resolved and proof of disability is compelling). When the ALJ misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded for further consideration. The Court remands this matter pursuant to "sentence four" of 42 U.S.C. § 405(g)[4] for explanation and analysis in accordance with federal regulations.

---

[3]The DOT was originally created by the Employment and Training Administration, and was last updated in 1991. It has largely been replaced by the O*Net but continues to be used as a reference source in Social Security cases. *See Estep v. Astrue,* 2012 WL 195568, *4 -5 (N.D. Ohio Jan. 23, 2012)

[4]Under sentence four of 42 U.S.C. § 405(g), the district court has the authority to reverse, modify, or affirm the decision of the Commissioner. This may include a remand of the case back to the Commissioner for further analysis and a new decision. A sentence four remand is a final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 97-102, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

Having found remand is necessary, the Court need not consider Mohr's arguments regarding whether he is illiterate or whether he had a full and fair hearing. (Doc. No. 17 at 7, 10.)

## VII. Decision

For the foregoing reasons, the Court finds the decision of the Commissioner not supported by substantial evidence. Accordingly, the decision of the Commissioner is vacated and the case is remanded, pursuant to 42 U.S.C. § 405(g) sentence four, for further proceedings consistent with this opinion..

IT IS SO ORDERED.

s/ Greg White
United States Magistrate Judge

Date: September 28, 2012