IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TONY L. MOHR,** | ) | **CASE NO. 3:11CV2731** |
| Plaintiff, | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG WHITE** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) ) ) | |
| Defendant. | ) | **ORDER** |

Plaintiff Tony L. Mohr ("Mohr"), through counsel Kirk B. Roose ("Roose"), filed a motion for payment of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 22.) The Commissioner of Social Security ("Commissioner") filed a response to the motion on January 24, 2013, and Mohr replied on February 7, 2013. (Doc. Nos. 24 & 25.) The parties consented to this Court's jurisdiction for entry of final judgment pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 14.) For the following reasons, Mohr's motion for attorney fees is granted in part and denied in part.

### A. Procedural History

On September 28, 2012, this Court vacated the final decision of the Commissioner and remanded for further proceedings. (Doc. Nos. 20 & 21.) Mohr filed a motion for attorney fees pursuant to the EAJA requesting fees in the amount of $2,316.39 and $48 of expenses. (Doc. No. 22.) This sum includes $2,151.39 for 11.7 hours of work performed by Roose and attorney Mary Meadows – a rate of $183.88. *Id.* It also includes $165.00 for 3.3 hours of work performed by Roose's assistant – a rate of $50 per hour. *Id.*

### B. Prevailing Party Status and Substantial Justification

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or

special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004), *quoting Scarborough v. Principi*, 504 U.S. 401, 124 S.Ct. 1856, 1860 (2004); *see also* 28 U.S.C. § 2412(d)(1)(A). The party seeking attorney's fees bears the burden of proving that he is an eligible and prevailing party, while the Commissioner must prove that the government's position was "substantially justified." It is undisputed that Mohr is an eligible and prevailing party. (Doc. No. 24 at 2.) Furthermore, the Commissioner has not argued that his litigation position was substantially justified. *Id*.

### C. Rate of Attorney Fees Requested

Under the EAJA, the amount of attorney fees awarded shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ". . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Attorney Roose requests an hourly rate of $183.88 based on the "U.S. City Average" of the All Urban Consumers CPI ("CPI–U') for "All Items" (hereinafter U.S. City Average CPI). (Doc. No. 22-4.) The Court, however, must first review Mohr's application to determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Courts are obligated to prune unnecessary hours from fee petitions because, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999).

The Commissioner contends that *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009) and *Mathew-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011) are applicable. (Doc. No. 24 at 3-5.) The Commissioner also asserts that the evidentiary materials Mohr presented do not demonstrate the prevailing rates for legal services of the kind and quality rendered in Social Security cases in the Northern District of Ohio. *Id*. at 6. The Commissioner relies on *Jones v. Comm'r of Soc. Sec*., No. 1:10cv2568 (N.D. Ohio Sep. 11, 2012) in which the Court found that

2

similar evidence, as provided here, was not sufficient proof to increase the statutory cap. *Id*. Roose counters that courts in this district have rejected the agency's arguments regarding the hourly-rate cap, and have routinely awarded more than the $125 per hour rate. (Doc. No. 25 at 1-5.)

In *Bryant*, the Sixth Circuit upheld a district court's rejection of a higher proposed rate where the plaintiff "submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." The *Bryant* Court held that such evidence was not enough, but that a plaintiff "must 'produce satisfactory evidence– in addition to the attorney's own affidavit – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450 (citation omitted).

In *Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio, Jan. 31, 2012), the Southern District Court of Ohio found that "[a tear sheet], source unknown," was adequate, albeit barely, which indicated that "an attorney who practices in downtown Cincinnati, apparently irrespective of the number of years in practice, the rate was $213.00." Nonetheless, the *Zellner* Court indicated that:

> More helpful to the Court, and in the future what we will require to comport with *Bryant*, will be affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate. Most preferable would be the results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice.

2012 WL 273937 at *3.

Roose attached the following exhibits to support an upward departure from the $125 cap:

(1) Declaration of Dianne R. Newman, a Social Security attorney since 1982 in the northern Ohio area. (Doc. No. 22-8, ¶ 5) Seventy-five percent of her practice is in appellate Social Security law. *Id* at ¶ 3. She testified that a rate of less than $200 per hour would be lower than the prevailing rates "in the Cleveland area for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at ¶ 13.

(2) Affidavit of Marcia Margolius, an attorney practicing for twenty-five years primarily in Social Security law in the northern and southern districts of Ohio. (Doc. No. 22-9, ¶¶ 2,3.) She acknowledged that the prevailing hourly rate for Attorney Roose's services in Social Security cases exceeds $175 to $200. *Id*. at ¶ 10.

3

> (3) The Ohio State Bar Association's profile of 2010 attorney hourly billing rates by both location and practice classification, including administrative law showing hourly rates over $125.[1] (Doc. No. 22-11.)
>
> (4) The Survey of Law Firm Economics, 2011 edition, by The National Law Journal and ALM Legal Intelligence showing the trend comparison of expenses in law firms as compared to the CPI for the relevant time period. (Doc. No. 22-12 at 9-10.) It also shows the trend comparison of average billing rates.[2] *Id*. at 11-24.

In support of the request for a rate of $183.88 per hour, Mohr has demonstrated that: (1) increases in law firm expenses in the relevant time frame have outpaced cost-of-living increases; (2) that the requested fee is less than or equal to both the average and median rates in Ohio with respect to administrative law practice; and, (3) counsel practicing in this area support that prevailing hourly rates in this field should exceed at least $200. *See Vasquez v. Astrue,* 2012 WL 3637676 at *2 (N.D. Ohio Aug. 22, 2012); *Jaworski v. Astrue,* 2012 WL 3552634, at *2 (N.D. Ohio Aug. 16, 2012); *Zellner*, 2012 WL 273937, at *3. The Court finds that Mohr has sufficiently demonstrated that an upward departure from the statutory cap is proper. However, as discussed immediately below, the calculation should be modified.

### D. Use of National "U.S. City Average" CPI versus "Midwest" CPI

Attorney Roose requests an hourly rate of $183.88 based on the U.S. City Average CPI.[3]

This Court has previously held that the "Midwest Urban" CPI "is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis." *Vasquez,* 2012 WL 3637676; *Jaworski v. Astrue,* 2012 WL 3552634; *Killings v. Comm'r of the SSA*, 2009 U.S. Dist. LEXIS 108524 (N.D. Ohio, Oct. 8, 2009). The Court believes this finding is consistent with the

---

[1] The mean average is $203, while the median is $180. (Doc. No. 22-11 at 3.)

[2] The average hourly billing rate for an attorney in practice 21-30 years is $419, while the median is $425. (Doc. No. 22-12 at 24.)

[3] Roose utilizes March 1996 as the starting date in his calculation when Congress raised the EAJA cap to $125. (Doc. No. 22-4.) The index for March, 1996 was 155.7. (Series Id: CUUR0000SA0.) Utilizing the same CPI, the index for July 2012, the month Roose asserts that the most services were performed, was 229.104. *Id*. Thus, the $183.88 hourly rate figure is an accurate calculation using the U.S. City Average CPI. The above CPI-U figures are from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov.

4

*Bryant* decision, which observed that requested fee rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d 443, 450 (6th Cir. 2009) (*quoting Blum v. Stenson*, 465 U.S. 886, 894 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)); *see also Ralston v. Astrue*, 2011 WL 7299836 (E.D. Mich. Aug. 30, 2011) (finding that the relevant market for calculating attorneys fees for a court sitting in the eastern District of Michigan is the Detroit market and utilizing the U.S. Department of Labor's CPI–U for the Detroit–Ann Arbor–Flint area); *Rodriguez v. Astrue*, 3:11–cv–00398 (N.D. Ohio, July 16, 2012) (finding the Midwest CPI more appropriate than the U.S. City Average CPI).

Utilizing the "Midwest Urban" CPI for "All Items" for "All Urban Consumers," the index for March of 1996 was 151.7.[4] (Series Id: CUUR0200SA0, CUUS0200SA0.) The second half index for 2012 (when most of the work was performed) was 219.906. *Id*. Given these figures, the appropriate hourly rate, using $125 as a base, would be $181.25.[5]

Furthermore, the Court finds that the number of hours expended by attorneys Roose and Meadows was reasonable.[6]

### E. Work Performed by a Legal Assistant and Expenses

Mohr also requests $165.00 for 3.3 hours of work performed by counsel's assistant – a rate of $50 per hour. (Doc. No. 22-6.)

The Commissioner asserts that the assistant's time reviewing emails should not be compensated, and that her rate of compensation should be limited to $40 per hour. (Doc. No. 24 at 7-8.) Attorney Roose argues that his "appellate assistant" is akin to a legal assistant. Courts in this Circuit have frequently awarded EAJA fees for the services of a paralegal or legal

---

[4] The above figures are also from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov.

[5] 151.7 is to 219.906, as $125 is to x, resulting in x equaling $181.25.

[6] Notably, the Commissioner does not object to the number of hours Mohr's counsel expended, only the rate at which those hours are assessed. (Doc. No. 23 at 6.)

5

assistant. *See, e.g., Rhoads v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 7252 (W.D. Mich., Jan. 6, 2012) ("Plaintiff is also entitled to recover the reasonable cost for legal assistant or paralegal services."); *Gilbert v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 71809 (E.D. Mich., May 23, 2012). However, "purely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *accord Snyder v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 2077 (S.D. Ohio, Jan. 10, 2011). "Notwithstanding the prohibition against compensation for secretarial or overhead costs, work done by non-attorneys such as paralegals or law clerks, may be compensable under the EAJA if the work is 'sufficiently complex' or work 'traditionally performed by attorneys.'" *Snyder*, 2011 U.S. Dist. LEXIS 2077 at **4-5.

A review of the tasks performed by Roose's appellate assistant include reviewing emails from the Court and monitoring the docket, filing/editing briefs, and preparing the complaint – work traditionally performed by attorneys. "Excluding compensation for work done by paralegals or law clerks would be counterproductive because excluding reimbursement for such work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost." *Id*. For these reasons, the Court finds the 3.3 hours of work by the administrative assistant reasonable. The Court, however, rejects the $50 hourly rate. Mohr relies upon the Bureau of Labor Statistics, May 2011 Metropolitan and Non-Metropolitan Employment and Wage Estimates which indicates that the administrative/legal assistant median hourly wage to be approximately $20 per hour. (Doc. No. 22-13 at 3.) Additionally, this Court has approved $40 per hour for the same administrative assistant in *Jaworski* and *Vasquez*. The Court, therefore, grants in part Roose's motion with respect to the 3.3 hours of work expended by his appellate assistant at an hourly rate of $40, totaling $132.00.

Finally, Roose requests $48 for copying/printing expenses. (Doc. No. 22-3.) The Commissioner disputes the characterization of these as "expenses" and argues that they are actually "costs." (Doc. No. 24 at 8-9.) The Commissioner asserts that the designation is not merely a matter of semantics, as "costs" are paid by the Secretary of the Treasury after certification by the Attorney general and not from agency funds. *Id*. Furthermore, the

Commissioner argues that the costs of copies should not be awarded because the need for paper copies is obsolete based on the Court's electronic docket. *Id*.

The Court disagrees with the Commissioner's interpretation of the statute, as costs associated with printing and copying are only characterized as "costs" under 28 U.S.C. § 2412(a)(1) and 28 U.S.C. § 1920 when they are "fees" imposed by the Court. The copying/printing expenses requested herein do *not* appear to be for "fees" imposed by the Court for such services. As such, they are properly characterized as "fees or other expenses" under 28 U.S.C. § 2412(d)(2)(a). The Court also disagrees that such expenses were unnecessary. Though the electronic docket has rendered the need for a large number of copies obsolete, it is not unreasonable for counsel to transmit copies to his client or to print a copy for editing. As such, the Court also awards $48.00 in expenses.

### F. Fees Associated With Preparation of a Reply

Roose also requests an additional award of $882.62 for preparing the reply to the Commissioner's brief opposing the EAJA application. (Doc. No. 25 at 6.) This sum represents 4.8 hours at the rate of $183.88. The Court finds the hours expended on the reply reasonable, but instead applies the Midwest Urban CPI – $181.25 hourly rate to the 4.8 hours, totaling $870.

### G. Payment

In the instant matter, Roose attached an agreement which shows that on January 28, 2011, Mohr consented to have all EAJA fees paid to counsel. (Doc. No. 22-7.) The Commissioner objected to making the fee award payable directly to counsel. (Doc. No. 24 at 9.) Attorney Roose does not object to payment being made to Mohr because of the possibility that he owes a federally-collectible debt. (Doc. No. 22 at 4.) The fee award called for herein shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Mohr in this matter pursuant to the EAJA. Any fees paid belong to Mohr – not his attorney – and can be offset to satisfy preexisting debt that she may owe the United States in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). If, after entry of this award, Defendant's counsel can verify that Mohr does not owe pre-existing debt subject to offset, Defendant shall direct that the award be made payable to Mohr's attorney pursuant to the EAJA

assignment.

**H. Conclusion**

Mohr's Application for Attorney Fees is granted in part and denied in part. Plaintiff is awarded $2,990.63 for 16.5 hours of legal work, $132.00 for the services of Roose's appellate assistant, and $48.00 for copying expenses – an aggregate sum of $3,170.63.

IT IS SO ORDERED.

s/ Greg White<br>United States Magistrate Judge

Dated: February 12, 2013